UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

BRUCE L. CLARK,                          :
      Plaintiff,                       :
                              :
      v.                               :          No. 5:21-cv-03358
                              :
RATCHFORD LAW GROUP, PC and              :
GALAXY INTERNATIONAL                     :
PURCHASING, LLC,                         :
           Defendants.                :

_____

**O P I N I O N**
**Defendant Galaxy International Purchasing LLC's Motions to Dismiss, ECF No. 13 –
Granted in part**

**Joseph F. Leeson, Jr.**                                    **December 14, 2021**
**United States District Judge**

## I.  INTRODUCTION

This matter is brought by pro se Plaintiff Bruce L. Clark, who asserts claims arising

under the Fair Debt Collection Practices Act (FDCPA) against Defendants Ratchford Law Group

and Galaxy International Purchasing, LLC.  On November 9, 2021, Galaxy filed the present

motion to dismiss Clark's Complaint against it.

Following a review of the allegations in the Complaint, this Court grants Galaxy's motion

to dismiss in part.[1]

## II.  BACKGROUND

The Court reviews the facts to the extent possible from Clark's pro se Complaint.  *See*

Compl., ECF No. 1.  State Farm Bank filed an action in Magisterial Court against Clark to

---

[1] Galaxy seeks dismissal of the Complaint with prejudice.  Notwithstanding, dismissal with prejudice would be inappropriate at this stage of the proceedings.

collect an outstanding debt. *See id.* 3.  Clark prevailed in the Magisterial Court action, and

judgment was entered in Clark's favor on September 24, 2020. *See id.* 15.  Thereafter, Galaxy

brought an action in the Lancaster County Court of Common Pleas against Clark. *See id.* 3.  On

April 30, 2021, Galaxy sent Clark a letter entitled "Ten Day Notice of Intent to Take Default."

*See id.*  On July 26, 2021, Clark filed the present matter in the Eastern District of Pennsylvania.

*See id.*  Therein, Clark alleges that Galaxy and Ratchford violated the FDCPA by sending him

the notice of default letter. *See id.* 3-4.  On November 9, 2021, Galaxy moved to dismiss Clark's

Complaint against it. *See* Mot., ECF No. 13.  On November 29, 2021, Clark responded to

Galaxy's motion, asking that it be dismissed.[2] *See* Resp., ECF No. 21.  On December 8, 2021,

Galaxy filed a reply in support of its motion.

## III.   LEGAL STANDARDS

### A.   Motion to Dismiss – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual

allegations as true [and] construe the complaint in the light most favorable to the plaintiff."[3]

*Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche

Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if

"the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff

stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[2]     Plaintiff titles this filing as a "Motion to Dismiss" Galaxy's motion.  However, in light of
this Court's obligation to liberally construe pro se filings, this Court considers this document a
response in opposition to Galaxy's motion to dismiss.
[3]     District courts have an obligation to construe the pleadings of pro se plaintiffs liberally.
*See Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true

all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*

(explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint,

exhibits attached to the complaint, matters of public record, as well as undisputedly authentic

documents if the complainant's claims are based upon these documents." *See Mayer v. Belichick*,

605 F.3d 223, 230 (3d Cir. 2010).  The defendant bears the burden of demonstrating that a

plaintiff has failed to state a claim upon which relief can be granted.  *See Hedges v. United*

*States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d

1406, 1409 (3d Cir. 1991)).

### B.     Fair Debt Collection Practices Act – Review of Applicable Law[4]

To state a claim under the FDCPA,

> a plaintiff must establish that: (1) he or she is a consumer who was harmed by
> violations of the FDCPA; (2) that the "debt" arose out of a transaction entered into
> primarily for personal, family, or household purposes; (3) that the defendant
> collecting the debt is a "debt collector;" and (4) that the defendant violated, by act
> or omission, a provision of the FDCPA.

*Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014) (quoting *Donohue*

*v. Reg'l Adjustment Bureau, Inc.*, 12–cv–1460, 2013 WL 1285469, at *3 (E.D. Pa. Mar

28, 2013)).

---

[4]     Clark's pro se Complaint does not indicate which sections of the FDCPA he bases his
claims on.  Instead, Clark cites generally to 15 U.S.C. §§ 1692-1692p.  Construing his claims
liberally, Clark appears to assert claims under 15 U.S.C. § 1692d (Harassment or Abuse) and 15
U.S.C. § 1692f (Unfair Practices).

Title 15 U.S.C. § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *See* 15 U.S.C. § 1692d.  "[T]he filing of a debt-collection lawsuit . . . does not have the natural consequence of harassing, abusing, or oppressing a debtor." *See Shaw v. Hayt, Hayt & Landau, LLC*, 2:20-cv-00115, 2021 WL 531961 (W.D. Pa. Feb. 12, 2021) (quoting *Harbey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006)).  Title 15 U.S.C. § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *See* § 1692f.

## IV.    ANALYSIS

Clark's pro se Complaint fails to state a claim under the FDCPA.  Foremost, Clark fails to allege whether his "debt" qualifies for coverage under the FDCPA.  As the language of the Act indicates, it only covers "obligation[s] or alleged obligation[s] of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for *personal*, *family*, or *household* purposes . . . ."  *See* § 1692a(5) (emphasis added).  Here, Clark's Complaint does not identify the nature of the debt, nor the amount of any alleged debt.  *See Johns*, 76 F. Supp. 3d at 598 (dismissing FDCPA claim where plaintiff only alleged generally that defendants "sought to collect a consumer debt from [p]laintiff"); *see also Vaquero v. Frederick J. Hanna & Assocs.*, 2:13-cv-0641, 2013 WL 5947011, at *2 (D.N.J. Nov. 6, 2013) (dismissing FDCPA claim where plaintiff alleged generally that the debt arose "from transactions incurred for personal, family, or household purposes").  Accordingly, in the absence of any allegations that would identify the nature or type of debt at issue, this Court is without the information necessary to make a determination of whether this debt qualifies for coverage under the FDCPA.  Moreover, Clark fails to allege that

Galaxy qualifies as a "debt collector" as the FDCPA defines the term.  *See* § 1692a(6).  Rather, the Complaint only identifies a "law group" engaged in a collections attempt.  *See* Compl. 3.

Accordingly, in light of the deficiencies in Clark's Complaint, his claims are dismissed without prejudice as against Galaxy, only.

## V.    CONCLUSION

Galaxy's motion to dismiss is granted in part, and Clark's FDCPA claims are dismissed without prejudice as against Galaxy. Because this Court cannot say for certain at this time whether amendment would be inequitable or futile, it must permit Clark the opportunity to amend his Complaint.  *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").  Accordingly, Clark is granted leave to amend his Complaint.  However, Clark is cautioned that any allegations he wishes to assert must be set forth in an amended complaint, and this Court will not look to filings beyond the amended complaint to discern the facts that are the basis for his claims.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge