UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

BRUCE L. CLARK,                            :
       Plaintiff,                         :
       v.                                 :    No. 5:21-cv-03358
                                           :
RATCHFORD LAW GROUP, PC and                :
GALAXY INTERNATIONAL                       :
PURCHASING, LLC,                           :
       Defendants.                        :
_____

**O P I N I O N**
**Defendant Galaxy International Purchasing LLC's Motion to Dismiss, ECF No. 31 – Granted**
**Plaintiff's Motion to Quash, ECF No. 36 – Denied**

**Joseph F. Leeson, Jr.**                                                                    **March 21, 2022**
**United States District Judge**

### I.    INTRODUCTION

This matter is brought by pro se Plaintiff Bruce L. Clark, who asserts claims arising under the Fair Debt Collection Practices Act (FDCPA) against Defendants Ratchford Law Group and Galaxy International Purchasing, LLC. On January 10, 2022, Clark filed an Amended Complaint. Galaxy now moves to dismiss the Amended Complaint for failure to state a claim.

Following a review of the allegations in the Complaint, this Court grants Galaxy's motion to dismiss with prejudice.

### II.    BACKGROUND

State Farm Bank filed an action in Magisterial Court against Clark to collect an outstanding debt. *See* Am. Compl. 6, ECF No. 27. Clark prevailed in the Magisterial Court action, and judgment was entered in Clark's favor on September 24, 2020. *See id.* Thereafter,

Galaxy brought an action in the Lancaster County Court of Common Pleas against Clark.[1]  *See id.* at 3.  On April 30, 2021, Galaxy sent Clark a letter entitled "Ten Day Notice of Intent to Take Default."  *See id.*  On July 26, 2021, Clark filed the present matter in the Eastern District of Pennsylvania.  *See id.*  Therein, Clark alleges that Galaxy and Ratchford violated the FDCPA by sending him the notice of default letter.  *See id.* 3-4.

On December 14, 2021, this Court granted, in part, Galaxy's motion to dismiss Clark's Complaint.  *See* Op. 12/14/21, ECF No. 23; Order 12/14/21, ECF No. 24.  On January 18, 2022, Clark filed an Amended Complaint.  *See* Am. Compl.  On January 27, 2022, Galaxy moved to dismiss Clark's Amended Complaint.  *See* Mot., ECF Nos. 31 and 32.  In response to the motion, Clark filed a "Motion to Quash."  *See* Resp., ECF No. 36.  Galaxy replied in support of its motion.  *See* Reply, ECF No. 37.

### III.     LEGAL STANDARDS

#### A.     Motion to Dismiss – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff."[2] *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff

---

[1]     Although the Amended Complaint does not contain this information, Galaxy's motion indicates that the Lancaster County case was filed as an appeal of the magisterial matter in which Clark succeeded.  *See* Mot. 1-2, ECF No. 32.  Title 246 Pa. Code § 1004(A) provides that an appellant who was also the claimant before the magisterial district judge shall have twenty (20) days after filing a notice of appeal in which to file a complaint in the Court of Common Pleas.
[2]     District courts have an obligation to construe the pleadings of pro se plaintiffs liberally. *See Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

   **B.**  **Fair Debt Collection Practices Act – Review of Applicable Law**

To state a claim under the FDCPA,

> a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the "debt" arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a "debt collector;" and (4) that the defendant violated, by act or omission, a provision of the FDCPA.

*Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014) (quoting *Donohue v. Reg'l Adjustment Bureau, Inc.*, 12-cv-1460, 2013 WL 1285469, at *3 (E.D. Pa. Mar 28, 2013)).

   Title 15 U.S.C. § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

collection of a debt." *See* 15 U.S.C. § 1692d.  "[T]he filing of a debt-collection lawsuit . . . does not have the natural consequence of harassing, abusing, or oppressing a debtor." *See Shaw v. Hayt, Hayt & Landau, LLC*, 2:20-cv-00115, 2021 WL 531961, at *9 (W.D. Pa. Feb. 12, 2021) (quoting *Harbey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006)).  In addition, § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See id.* § 1692e.

Similarly, 15 U.S.C. § 1692j prohibits the designing, compiling, or furnishing of any form knowing that it would "be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." *See* § 1692j(a).

Finally, 15 U.S.C. § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *See* § 1692f.  This section provides a "catchall for abusive debt collection practices not specifically delineated as unlawful elsewhere in the FDCPA." *See Beard v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-1162, 2016 WL 344300, at *5 (M.D. Pa. Jan. 28, 2016) (citing § 1692f).

**IV.    ANALYSIS**

At the outset, Galaxy argues that Clark's "Motion to Quash" is not an appropriate response to its motion to dismiss.  Accordingly, Galaxy suggests that this Court should consider its motion to dismiss unopposed under Local Rule 7.1(c).  *See* Reply 3–4.  Notwithstanding, in light of the liberal reading afforded pro se filings, this course of action would be inappropriate. At a minimum, Clark's filing indicates his opposition to Galaxy's motion to dismiss, insofar as

Clark asks this Court to quash the motion and enter judgment in his favor.[3]  Therefore, this Court reviews the motion as opposed.

Clark fails to allege a claim for relief under the FDCPA.  In his Amended Complaint, Clark does sufficiently allege that the debt was personal in nature.  *See* Am. Compl. at 7.  In addition, Clark alleges that the Defendants to this matter are debt collectors who qualify for coverage under the FDCPA.  *See id.*  Nonetheless, Clark fails to allege any conduct that rises to the level of an FDCPA violation.

First, Clark claims that Galaxy's effort to collect on a "baseless abandoned unsecured personal VISA credit card" constitutes harassment or abuse under 15 U.S.C. § 1692d.  *See id.* at 8.  However, that Galaxy filed a lawsuit to collect on a debt does not itself constitute harassment or abuse under that provision.  *See Shaw*, 2021 WL 531961, at *9 (quoting *Harbey*, 453 F.3d at 330) (noting filing of a debt-collection suit "does not have the natural consequence of harassing, abusing, or oppressing the debtor").  Accordingly, Clark has failed to state a claim under the FDCPA based on this conduct.

Next, Clark alleges that the ten-day notice of default constituted a false or misleading representation under 15 U.S.C. § 1692e.  Here, too, Clark fails to state a claim.  Pennsylvania's Rules of Civil Procedure require certain steps of a party seeking default.  In particular, Rule 237.1(a)(2) requires that "written notice of the intention to file" a request for default must be provided before any such judgment may be entered.  *See* Pa. R. Civ. P. 237.1(a)(2).  The rule goes on to provide that this notice must be given "at least ten days prior to" the filing of any request for default.  *See id.* 237.1(a)(1)(ii).  Accordingly, the mailing of a ten-day notice of

---

[3]    In the filing, Clark asserts that Galaxy's motion adds "no new substantive arguments." *See* Resp., ECF No. 5.  He goes on to assert that "there exists no viable and credible outstanding defenses or challenges for/by either of the Defendants."  *See id.* at 7.

default is not a fraudulent collection practice.  Rather, where circumstances warranting default are presented, such notice is explicitly required by the Pennsylvania Rules of Civil Procedure.[4]  Accordingly, the issuance of the ten-day notice of default itself was not a false or misleading representation rising to the level of an unfair debt collection practice.

Next, Clark claims that the substance of the ten-day notice was misleading.  However, this argument is similarly unavailing.  Pennsylvania Rule of Civil Procedure 237.5 provides a template for the substance of a ten-day notice of default.  *See id.* 237.5.  The substance of the ten-day notice sent by Galaxy to Clark is virtually identical to the template provided by the Pennsylvania Rules of Civil Procedure.  Despite Clark's suggestions, the substance of the ten-day notice does not constitute a violation of the FDCPA.

Next, Clark claims that Galaxy's mailing of the ten-day notice violates 15 U.S.C. § 1692j.  In particular, Clark claims that the ten-day notice was used to create a false belief in Clark that Galaxy was participating in the collection of his debt with State Farm.  *See* Am. Compl. 8.  However, Clark misunderstands the conduct prohibited by § 1692j.  As the Federal Trade Commission explained in its Statement of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, § 1692j(a) "prohibits the practice of *selling to creditors dunning letters* that falsely imply a debt collector is participating in collection of the debt, when in fact only the creditor is collecting."  *See* 53 Fed. Reg. 50,109 (1988) (emphasis added); *see also Anthes v. Transworld Sys., Inc.*, 765 F. Supp. 162, 168 (D. Del. 1991) (noting § 1692j(a) "only applies to situations where a third party provides a creditor with

---

[4] In his response, Clark appears to argue that he did in fact respond to the complaint in the underlying Lancaster County matter.  *See* Resp. 10.  However, this Court does not, and cannot, opine on whether the Lancaster County matter warranted entry of default.  Accordingly, to the extent Clark wishes to challenge any decision by the state court to enter default, any such objection must be raised before the state tribunal and is inappropriate for consideration here.

dunning letters"). Accordingly, § 1692j governs the conduct of form sellers, and Clark has not alleged that Galaxy is a form seller covered by § 1692j. Accordingly, this claim is dismissed.

Finally, Clark suggests that Galaxy violated § 1692f. Because the general language of § 1692f is catchall provision, courts have required a plaintiff to "identify conduct beyond that already asserted in other provisions of the FDCPA" in order to state a claim. *See Beard*, 2016 WL 344300, at *5. Here, Clark does not allege any unique conduct to support his claim under § 1692f. Rather, Clark merely reiterates that the ten-day notice of default—which forms the basis for his alleged violations of § 1692d, § 1692e, and § 1692j—represents the unlawful conduct. Accordingly, there being no allegations of unique conduct to sustain a violation of § 1692f, Clark has failed to make out such a claim.

## V.  CONCLUSION

Following a review of Clark's Amended Complaint, this Court concludes that Clark has failed to state a claim for relief against Galaxy. Accordingly, Clark's Amended Complaint is dismissed. This dismissal is one with prejudice. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile"); *see also Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144-45 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them."). In this instance, Clark was put on notice of deficiencies in his allegations related to the conduct that he asserts violated the FDCPA. Galaxy's first Motion to Dismiss addressed the alleged conduct, arguing that it does not violate the FDCPA. *See* ECF No. 14 at 5–9. In addition, in providing Clark with the relevant governing case law, this Court

indicated in its first Opinion that Clark would need to allege conduct violative of the FDCPA, and it provided him with citations to the relevant FDCPA provisions. *See* Op. 12/14/21 at 3–4.

Notwithstanding, Clark has failed to allege conduct that violates the FDCPA in his Amended Complaint. The foundation of Clark's claim is that Galaxy's mailing of a ten-day notice of default letter violated the FDCPA, and as this Court explained above, that conduct does not constitute a violation. Even if this Court were to look beyond Clark's Operative Complaint to his other filings in this matter, he has not provided any other allegations that, taken as true, would render Galaxy's conduct unlawful. In light of those considerations, it would be inequitable to Galaxy for this Court to permit Clark further opportunity to amend his Complaint. Accordingly Clark's claims against Galaxy are dismissed with prejudice.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge