UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

BRUCE L. CLARK, :
    Plaintiff, :
    v. : No. 5:21-cv-03358
 :
RATCHFORD LAW GROUP, PC and :
GALAXY INTERNATIONAL :
PURCHASING, LLC, :
    Defendants. :
_____

**O P I N I O N**
Plaintiff's Motions for Reconsideration, ECF No. 46 – Denied
Plaintiff's Motion for Judgment on the Pleadings, ECF No. 46 – Denied

**Joseph F. Leeson, Jr.**                                                                                             May 20, 2022
**United States District Judge**

I.     **INTRODUCTION**

        This matter is brought by pro se Plaintiff Bruce L. Clark, who asserts claims arising under the Fair Debt Collection Practices Act (FDCPA) against Defendants Ratchford Law Group and Galaxy International Purchasing, LLC. On March 21, 2022, finding Clark had failed to state a claim in his Amended Complaint, ECF Nos. 26 and 27, this Court dismissed all claims against Galaxy with prejudice, leaving Ratchford as the only remaining Defendant.

        On April 8, 2022, Clark filed a motion to remove Ratchford as a Defendant to this matter. *See* ECF No. 44. Finding the request unclear, this Court ordered Clark to file a clarification. *See* ECF No. 45. Prior to doing so, Clark instead filed a "Motion in Response to Court's Actions of 3/21/22 and Motion for Judgment on the Pleadings." *See* ECF No. 46. Therein, Clark takes issue with this Court's conclusion that he failed to state a claim upon which relief can be granted with respect to Galaxy. *See id.* Clark indicates that if this Court "fails to correct its error," then

the case "will be referred to the Judicial Conduct Board of the U.S. Supreme Court, followed then by social, and commercial media exposure." *See id.*

Given the liberal construction afforded pro se filings, this Court construes the first part of Clark's motion as one for reconsideration. In essence, he asks this Court to correct what he describes as an error in its prior ruling dismissing Galaxy with prejudice. Additionally, this Court construes the second part of Clark's filing as a motion for judgment on the pleadings. Upon review, both motions are denied for the reasons set forth below.

## II.   BACKGROUND

State Farm Bank filed an action in Magisterial Court against Clark to collect an outstanding debt. *See* Am. Compl. 6, ECF No. 27. Clark prevailed in the Magisterial Court action, and judgment was entered in Clark's favor on September 24, 2020. *See id.* Thereafter, Galaxy brought an action in the Lancaster County Court of Common Pleas against Clark.[1] *See id.* at 3. On April 30, 2021, Galaxy sent Clark a letter entitled "Ten Day Notice of Intent to Take Default." *See id.* On July 26, 2021, Clark filed the present matter in the Eastern District of Pennsylvania. *See id.* Therein, Clark alleges that Galaxy and Ratchford violated the FDCPA by sending him the notice of default letter. *See id.* 3–4.

On December 14, 2021, this Court granted, in part, Galaxy's motion to dismiss Clark's Complaint. *See* Op. 12/14/21, ECF No. 23; Order 12/14/21, ECF No. 24. On January 18, 2022, Clark filed an Amended Complaint. *See* Am. Compl. On March 21, 2022, this Court granted

---

[1]   Although the Amended Complaint does not contain this information, Galaxy's motion to dismiss indicates that the Lancaster County matter was filed as an appeal of the magisterial matter in which Clark succeeded. *See* Mot. 1-2, ECF No. 32. Title 246 Pa. Code § 1004(A) provides that an appellant who was also the claimant before the magisterial district judge shall have twenty (20) days after filing a notice of appeal in which to file a complaint in the Court of Common Pleas.

Galaxy's motion to dismiss Clark's Amended Complaint, dismissing Clark's claims against Galaxy with prejudice. *See* Op. 3/21/22, ECF No. 38; Order 3/21/22, ECF No. 39. The fact discovery period began that same day as to Clark's claims against Ratchford. *See* ECF No. 40.

On April 8, 2022, Clark filed a "Motion to Remove Ratchford Law Group, PC as a Defendant in Case No. 21-3358." *See* ECF No. 44. Finding the motion unclear in its request, the Court Ordered Clark to clarify what he was seeking. *See* ECF No. 45. Prior to filing any such clarification, Clark filed a separate "Motion in Response to Court Actions of 3/21/22." *See* Mot., ECF No. 46. This Court construes the motion as one for reconsideration of this Court's Opinion and Order dismissing Clark's claims against Galaxy with prejudice. In addition to his motion for reconsideration, Clark also filed a "Motion for Judgment on the Pleadings" against Galaxy. *See id.* On May 9, 2022, Galaxy responded to the motion for reconsideration and motion for judgment on the pleadings. *See* Resp., ECF No. 48. No timely reply was filed.

### III.   LEGAL STANDARDS

#### A.   Motion for Reconsideration – Review of Applicable Law

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds:"

"(1) an intervening change in the controlling law;"

"(2) the availability of new evidence that was not available when the court granted the motion . . . ;" or

"(3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "It is

improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through—rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

      **B.**      **Motion for Judgment on the Pleadings – Review of Applicable Law**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when "the movant clearly establishes that no material issue of fact remains . . . and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008).

When deciding a motion for judgment on the pleadings, the Court considers the pleadings and exhibits attached thereto, matters of public record and "undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents." *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010). "In reviewing a 12(c) motion, the court must view the facts in the pleadings and the inferences drawn therefrom in the light most favorable to the non-moving party." *See McCullough v. Ransom*, Civ. A. No. 3:21-0691, 2022 WL 782318, at *1 (M.D. Pa. Mar. 14, 2022) (quoting *Allstate Ins Co. v. Hopfer*, 672 F. Supp. 2d 682, 685 (E.D. Pa. 2009)).

      **C.**      **Fair Debt Collection Practices Act – Review of Applicable Law**

To state a claim under the FDCPA,

> a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the "debt" arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant

>collecting the debt is a "debt collector;" and (4) that the defendant violated, by act or omission, a provision of the FDCPA.

*Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014) (quoting *Donohue v. Reg'l Adjustment Bureau, Inc.*, 12-cv-1460, 2013 WL 1285469, at *3 (E.D. Pa. Mar 28, 2013)).

Title 15 U.S.C. § 1692d prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *See* 15 U.S.C. § 1692d. "[T]he filing of a debt-collection lawsuit . . . does not have the natural consequence of harassing, abusing, or oppressing a debtor." *See Shaw v. Hayt, Hayt & Landau, LLC*, 2:20-cv-00115, 2021 WL 531961, at *9 (W.D. Pa. Feb. 12, 2021) (noting this is true even where the collecting party lacks immediate proof of the debt is alleges it is owed (quoting *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006))). In addition, § 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See id.* § 1692e.

Similarly, 15 U.S.C. § 1692j prohibits the designing, compiling, or furnishing of any form knowing that it would "be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." *See* § 1692j(a).

Finally, 15 U.S.C. § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." *See* § 1692f. This section provides a "catchall for abusive debt collection practices not specifically delineated as unlawful elsewhere in the FDCPA." *See Beard v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-1162, 2016 WL 344300, at *5 (M.D. Pa. Jan. 28, 2016) (citing § 1692f).

IV.	ANALYSIS

    A.	Motion for Reconsideration

Clark begins by requesting that this Court reconsider its Opinion and Order dismissing all claims against Galaxy with prejudice. In particular, Clark takes issue with this Court's conclusion that he failed to state a claim against Galaxy. Clark reiterates in the present motion that he "suffered both harassment and abuse in [Defendants'] actions in threatening to collect on what they already show have known was a false claim . . . ." *See* Mot. 3. Notwithstanding, Clark misapprehends the important distinction between "claiming" something in the colloquial sense of the word, and plausibly alleging facts that would support a claim as the term is used in its legal sense.

As this Court indicated to Clark in its prior Opinions, a mere recitation of the elements of a cause of action, or mere invocation of language associated with that cause, does not carry Clark's burden on a motion to dismiss. *See* Op. 3/21/22 at 2–3. Here, Clark's use of the words "harassment" and "abuse" do not suffice, on their own, to state a claim against Galaxy. Indeed, Clark has provided no new evidence or legal argument to warrant overturning this Court's prior decision.

In the present motion, Clark continues to assert that the basis for his claim is Galaxy's efforts to collect on an "abandoned" debt. *See* Mot. 20. However, Clark's conclusory allegations that Galaxy knew it was collecting an abandoned debt are contradicted by other allegations in Clark's Operative Complaint. On one hand, Clark pleads that Galaxy *itself* abandoned the debt. *See* Am. Compl. at 7, ECF No. 27. On the other hand, Clark pleads that Defendants took an appeal of the magisterial district court case in which Clark prevailed, the purpose of which was to pursue recovery of the debt at issue. *See id.* at 5–6. That Galaxy

pursued an appeal of the relevant debt does not lend plausibility to Clark's conclusory allegation that Galaxy had abandoned the debt. Accordingly, despite repeated insistence to the contrary, Clark has failed to plausibly allege that Galaxy was attempting to collect on a debt that it knowingly abandoned.

Moreover, the process by which Galaxy allegedly "abandoned" the debt at issue appears to be a fiction of Clark's own creation. In his motion, Clark notes that he sent an offer to settle his debt with then-creditor State Farm Bank. *See* Mot. 16. In that offer, which was attached to the Original Complaint, Clark presented State Farm with an ultimatum: either (1) provide Clark a 0% interest rate and a 72-month payment plan for the outstanding debt, or (2) abandon the debt altogether. *See* Compl. Ex. 1 at 13–14, ECF No. 1-1. Clark's letter further indicated that any failure on the part of State Farm to respond to his offer within two weeks would be treated as "State Farm Bank's desire to abandon this account . . . ." *See id.* Clark indicates in the present motion that State Farm Bank did not respond within Clark's deadline. *See* Mot. 16. Accordingly, Clark apparently considers the subject debt "abandoned" because State Farm did not respond to his ultimatum. *See* Am. Compl. at 5 (indicating Clark believed the credit card was "corrected to a balance of $0.00, on 1/18/2019, by default"). That Clark believes his debt discharged by way of his proposed ultimatum does not make it so.

Indeed, Clark's contention that this debt was abandoned is contradicted by the very exhibits he provided to this Court. For example, in a letter from State Farm Bank that Clark attached to his Original Complaint dated December 12, 2018, State Farm clearly indicated that they would be attempting to contact Clark by telephone to arrange payment of the overdue balance, which in no way suggests that it intended to abandon the account or the balance. *See* Compl. Ex. 1 at 12. Accordingly, Clark has failed to present any new evidence or otherwise

point to an error of fact that would warrant alteration of this Court's conclusion that he failed to plausibly state a claim against Galaxy for collection of a knowingly abandoned debt.

Finally, Clark has not presented this Court with any change in the law or error in the law that would warrant reconsideration of his claims. As this Court noted in its prior Opinion, the filing of a lawsuit in an effort to collect on a debt is not an abusive or harassing practice under the act. *See* Op. 3/21/22 at 4 (citing *Shaw*, 2021 WL 531961, at *9). Accordingly, in light of the prevailing case law on the matter, Clark has failed to show the requisite cause for this Court to reconsider its prior Opinion.

Clark's continued insistence that Galaxy attempted to collect on an abandoned debt is not plausible, even when his factual allegations are taken as true. This Court is not required to accept as true Clark's conclusion of law that Galaxy violated the FDCPA, nor is it required to accept as true Clark's bare assertion that he has stated a claim. Clark has failed to provide any new evidence or otherwise point to an error of law or fact that warrants reconsideration of this Court's prior Opinion. Rather, Clark simply reiterates many of the same arguments that have permeated his briefing to date. Therefore, Clark's motion for reconsideration of this Court's Opinion and Order dismissing Galaxy with prejudice is denied.

      **B.**    **Motion for Judgment on the Pleadings**

Next, Clark moves for Judgment on the Pleadings. While the motion itself does not specifically name which Defendant he intends to move against, the caption on his proposed order lists Galaxy as the sole Defendant. Accordingly, it appears as if Clark seeks judgment on the pleadings as to his claims against Galaxy, only.[2]

---

[2] This supposition is further supported by Clark's pending "Motion to Remove Ratchford Law Group, PC as a Co-Defendant." *See* ECF No. 44.

8
052022

Galaxy is no longer a party to this action. Clark's claims against Galaxy were dismissed with prejudice on March 21, 2022, and Galaxy was terminated as a party. *See* ECF Nos. 38 and 39. Moreover, as this Court discussed immediately above, Clark has failed to carry his burden to show that reconsideration of this Court's prior Opinion is warranted. In light of the fact that Galaxy is no longer a party to this matter, Clark's motion for judgment on the pleadings against Galaxy is denied.

## V.   CONCLUSION

Clark has failed to provide any new evidence or law, or otherwise point to a relevant error of law or fact that would warrant reconsideration of his claims. Accordingly, Clark's motion for reconsideration is denied. Additionally, in his accompanying motion for judgment on the pleadings, Clark seeks entry of judgment against Galaxy. Notwithstanding, Galaxy was dismissed as a party to this matter on March 21, 2022. Accordingly, Clark's motion for judgment on the pleadings is denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge