UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE L. CLARK,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>RATCHFORD LAW GROUP, PC and<br>GALAXY INTERNATIONAL<br>PURCHASING, LLC,<br>　　　　Defendant. | :<br>:<br>:<br>:　No. 5:21-cv-03358<br>:<br>:<br>:<br>:<br>:<br>: |

**O P I N I O N**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　June 29, 2022
**United States District Judge**

I.　　**INTRODUCTION**

　　On April 8, 2022, pro se Plaintiff Bruce Clark filed a motion to remove Defendant Ratchford Law Group, PC as a Defendant to this matter.  *See* ECF No. 44.  Finding the import of the motion unclear, this Court sought clarification from Clark on the specifics of his request.  *See* ECF No. 45.  In doing so, this Court reminded Clark that Ratchford was the only remaining Defendant in this case, and removal of Ratchford would result in closure of this case.[1]  *See id.*  On April, 21 2022, Clark filed a motion for reconsideration, asking this Court to reinstate Defendant Galaxy International Purchasing as a Defendant.  *See* ECF No. 46.  On April 25, 2022, Clark filed a clarification, indicating that he does indeed wish to remove Ratchford as a Defendant to this case.  *See* ECF No. 47.

　　On May 20, 2022, this Court denied Clark's motion for reconsideration, reaffirming that Galaxy is no longer a party to this action.  *See* ECF Nos. 49 and 50.  That same date, this Court

---

[1]　　All claims against Defendant Galaxy International Purchasing were dismissed with prejudice on March 21, 2022.  *See* ECF Nos. 38 and 39.

1
062822

again provided Clark with an opportunity to indicate whether he wished to persist in his request to have Ratchford removed as a Defendant or withdraw the same. *See id.* The Order directed Clark to notify the Court of his intent within ten days. *See id.* As of the date of this Opinion, no response has been received. The last indication received from Clark, on April 25, 2022, was that Clark wished to persist in his request to have Ratchford removed, despite the fact that Galaxy was no longer a party to this action. *See* ECF No. 47.

After considering Clark's indication in ECF Nos. 44 and 47 that he wishes to have Ratchford removed as a Defendant, and after balancing of the *Poulis*[2] factors set forth below with respect to Clark's failure to comply with this Court's Order dated May 20, 2022, Clark's motion to remove Ratchford, ECF No. 44, is granted. There being no remaining Defendants in this case, Clark's Complaint is dismissed, and the matter is closed.

## II. LEGAL STANDARD

In *Poulis*, the Third Circuit Court of Appeals held that before a district court imposes "the 'extreme' sanction of dismissal or default" for a party's failure to meet court-imposed deadlines, it should consider a number of factors. *See Poulis*, 747 F.2d at 870. These factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868; *see also Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (holding that "no single *Poulis* factor is dispositive" and that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint").

---

[2]     *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

### III.   ANALYSIS

The first *Poulis* factor weighs in favor of dismissal because, as a pro se litigant, Clark is personally responsible for his actions. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

The second factor weighs in favor of dismissal as well. Clark's failure to comply with this Court's Order dated May 20, 2022 has delayed resolution of this case and wholly prevented advancement of the litigation. *See Cicchiello v. Rosini*, No. 4:12-CV-2066, 2013 U.S. Dist. LEXIS 44779, at *11 (M.D. Pa. Jan. 28, 2013) (finding that "the Plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action" and that "[i]n such instances, the defendants are plainly prejudiced by the plaintiff's continuing inaction"). In its May 20 Order, this Court indicated to Clark that Galaxy was no longer a party to this matter and further informed Clark that his motion for reconsideration of that decision was denied. The Order provided Clark with yet another opportunity to indicate his intent to persist in or otherwise withdraw his motion to remove Ratchford, the only remaining Defendant. Clark's failure to comply with this order, in any form, has unreasonably delayed the litigation and frustrated resolution of this matter.

As to the third factor, while the Court cannot say that Clark has engaged in a history of dilatoriness, the present delay attributable to Clark has persisted for a month, during which time progress in the litigation has come to a halt. *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.").

Regarding the fourth factor, because this Court has no explanation for Clark's delay, it is unable to determine whether the conduct is in bad faith. This factor is therefore neutral.

Fifth, monetary sanctions are not an appropriate alternative to dismissal in this instance, as they would do little to advance the litigation in light of Clark's total failure to comply with this Court's May 20 Order.

The final factor, the merit of the claims at issue, weighs in favor of dismissal. Clark's claims against Galaxy have been dismissed with prejudice, and Clark's motion for reconsideration of that decision was denied. Moreover, Clark *himself* seeks removal of Ratchford as a party to this litigation. Clark reiterated this request in his clarification. *See* ECF No. 47. Therefore, this factor weighs in favor of granting Clark's motion to remove Ratchford and closing this matter.

## IV.   CONCLUSION

After weighing all the *Poulis* factors and considering Clark's own request to remove Ratchford as a Defendant to this matter, this Court grants Clark's motion to remove Ratchford from this matter. There being no remaining Defendants, this matter is now closed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
